IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Richard Kevin Stockton, Plaintiff, vs. Atlanta Judicial Circuit and Greenville County Judicial Government, Defendants. | C/A No.: 6:26-cv-1870-TMC-TER<br><br>REPORT AND RECOMMENDATION |

Richard Kevin Stockton ("Plaintiff"), proceeding pro se, filed a letter that the Clerk liberally construed as a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review the complaint and submit findings and recommendations to the district judge. For the following reasons, the undersigned recommends the court dismiss the case without prejudice.

I. Factual and Procedural Background

Plaintiff, a state prisoner incarcerated in Fulton County, Georgia, filed a letter with the Clerk on May 7, 2026, that was liberally construed as a complaint against Atlanta Judicial Circuit and Greenville County Judicial Government (collectively "Defendants"). In his complaint, Plaintiff references a conspiracy by Defendants to "keep him locked in a jail cell nearly 5 years without a court date" in an effort to keep him from his daughters and to cover up the actions of Atlanta district attorney Michael Lascala. (ECF No. 1 at 1). He references a July 2019 incident at "Universal Resort Orlando" involving "Lascala and Vuckovic[1]", "Lascala's boys," and his

[1] He subsequently notes Vukovic is his daughters' mother. (ECF No. 1 at 4).

daughters. *Id.* at 2. He requests the court award him $50 million and "the rightful return of [his] daughters." *Id.*

On May 27, 2026, the undersigned issued a proper form order advising Plaintiff that he must either pay the filing fee or a motion for leave to proceed and of deficiencies in his complaint. (ECF No. 7). The order pointed out that Plaintiff had previously sued "Atlanta Judicial Circuit" in Case No. 4:25-cv-9580-TMC, and that his action had been summarily dismissed due to Atlanta Judicial Circuit not being an individual and its judges being subject to judicial immunity. *Id.* at 1. It further noted that Case No. 4:25-cv-9580, like this case, concerned events that occurred in 2019 and was dismissed, in part, as barred by the statute of limitations. *Id.* It advised Plaintiff that his request for full custody of his daughters was a relief unavailable in this court. *Id.* It put Plaintiff "on notice" that "the court is considering sanctions as Plaintiff is repeatedly suing the same party who is not amenable to suit. *Id.* It permitted PlaintifF until June 17, 2026, to: (1) complete a complaint form that would be docketed as an amended complaint, naming specific defendants who are amenable to suit and clearly stating who did what do him when and the facts supporting his claims; and (2) either pay the $350 filing fee and the $55 administrative fee or complete and return the application to proceed in district court without prepayment of fees or costs ("Form AO240"). *Id.* at 1–2. The order specified: "**If Plaintiff does not bring this case into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this Court under Rule 41 of the Federal Rules of Civil Procedure.**" *Id.* at 1.

On June 18, 2026, the court docketed a letter from Plaintiff requesting "[t]o put a hold on this Lawsuit C/A No. 6:26-01870-TMC-TER whereas NOT to squander Any opportunity for Redress until the Court and/or the Honorable Rogers II identifies who 'is' criminally and Lawsuit

Liable for illegally holding me hostage in jail . . . .” (ECF No. 9 at 1). He stated he did not “understand proper form for [his] Lawsuit” and “‘ONLY’ underst[ood] to present the Court with irrefutable Facts that my Right to a Speedy Trial is being Denied by the Judicial GOVT’s and their Employees mentioned.” *Id.* at 3. In his letter, Plaintiff alleges the existence of a vast conspiracy designed to keep him in jail, cover up the felonies of Lascala, and separate him from his daughters that involves “the Judicial GOVT. Agencies of Atlanta and Greenville S.C.,” “Fed-EX,” Judge Alex Manning, Jane Barwick, Shemila Williams, Atlanta district attorneys Fani Willis and Dexton Bond, Jr., Fulton County public defender Kat Lake, Atlanta Supervision Officer Stacy Cook, Greenville County Solicitor Mark Smith, and federal judges. *See generally* ECF No. 9.

On July 7, 2026, the court received another letter from Plaintiff “Seeking Proper Redress whereas to move forward without Complaint to the Greenville S.C. Judicial GOVT.” (ECF No. 11). Plaintiff stated he “d[id] not understand Proper Form and whom the Court Deems Criminally and Lawsuit Liable for the irreplacable [sic] Loss of Life with [his] Daughters and the overwhelming mental, physical and financial Damage [he] suffered Due to these Rights violations committed against [him] when on March 11, 2024 Greenville County Sheriff Thomas without a warrant Bust my Door in (500 Cedar Lane Rd) abducted me and threw me in jail on Trumped-up charges of cocaine and unlawful premises.” *Id.* at 1. He wrote: “upon receipt of this Proper Redress I am seeking I will move forward without complaint to the entire Greenville Judicial GOVT. and; Whereas time is a Factor, could you ‘please” correspond when to expect an agreement?” *Id.*

Plaintiff has failed to pay the filing fee, file Form AO240, or complete, sign, and file an amended complaint form.[2]

[2] Even if the court were to interpret Plaintiff’s letter as an amended and second amended complaint, these letters suffer from deficiencies similar to those identified in the proper form order and are subject to summary dismissal.

II. Discussion

As Plaintiff has provided no appropriate, compliant response to the proper form order, he has been dilatory in pursuing his complaint, and this matter is subject to dismissal under Fed. R. Civ. Proc. R. 41. The proper form order (ECF No. 7) was mailed to Plaintiff at the Fulton County Jail. (ECF No. 8). This was the same address Plaintiff provided on his complaint and the same address from which he mailed the two letters referenced above. *See* ECF Nos. 1-1, 9-1, 11-1. Because the order was not returned as undeliverable and because Plaintiff references "proper form" in his letters, it is presumed that Plaintiff received the proper form order. Nonetheless, he has not paid the filing fee, filed Form AO240, or filed an amended complaint form. Instead he has sent two non-responsive letters containing frivolous allegations.

"The Federal Rules of Civil Procedure recognize that courts must have the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders. Fed. R. Civ. Proc. R. 41(b)." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir.1989). "Federal courts possess an inherent authority to dismiss cases with prejudice *sua sponte*." *Gantt v. Maryland Division of Correction*, 894 F. Supp. 226, 229 (D.Md.1995) (citing *Link v. Wabash R. Co.*, 370 U.S. 626 (1962); *White v. Raymark Industs., Inc.*, 783 F.2d 1175 (4th Cir.1986); *Zaczek v. Fauquier County, Va.*, 764 F. Supp. 1071, 1074 (E.D.Va.1991)).

In *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir.1978), the Fourth Circuit, recognizing that dismissal with prejudice is a harsh sanction which should not be invoked lightly, set forth four considerations in determining whether Rule 41(b) dismissal is appropriate: (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *Id.* at 70.

The first of these factors does not weigh in favor of dismissal, as there is no prejudice to Defendant, who has not been served with the complaint. However, the remaining factors weigh in favor of dismissal. As noted in the proper form order, Plaintiff has a drawn-out history of proceeding in a dilatory fashion, as he has filed multiple lawsuits pertaining to the same events and naming the same or similar defendants. Plaintiff bears personal responsibility for his failure to respond to the proper form order. Even if, as Plaintiff indicates, he "does not understand proper form," the fact remains that he failed to pay the filing fee or complete Form AO240 to proceed in forma pauperis and undertook no effort to complete the complaint form, which includes specific questions designed to elicit responses that might bring the case into proper form. Despite the court's specific warnings, Plaintiff failed to take the action necessary to allow the matter to proceed in this court. Actions less drastic than dismissal exist, but are unlikely to be effective, as Plaintiff has provided no indication that he intends to comply with the court's instructions or undertake the actions necessary to allow the case to progress.

Following its decision in *Davis*, the Fourth Circuit noted that "the four factors . . . are not a rigid four-pronged test." *Ballard*, 882 F.2d at 95. "Here, we think the Magistrate's explicit warning that a recommendation of dismissal would result from failure to obey his order is a critical fact that distinguishes this case . . . In view of the warning, the district court had little alternative to dismissal. Any other course would have placed the credibility of the court in doubt and invited abuse." *Id.* at 95–96. As noted above, the court specifically warned Plaintiff that his failure to pay the filing fee or complete, sign, and return Form AO240 and file an amended complaint form would result in the dismissal of this action. According to the Fourth Circuit, the warnings issued by this court that a failure to respond appropriately could result in dismissal are alone sufficient to justify dismissal of this case. *Ballard*, 882 F.2d at 95-96.

III. Conclusion and Recommendation

Plaintiff's lack of response to the court's proper form order indicates an intent not to prosecute this case and subjects it to dismissal. *See* Fed. R. Civ. P. 41(b) (district courts may dismiss an action if a plaintiff fails to comply with an order of the court); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) (court may dismiss *sua sponte*). Therefore, the undersigned recommends the court dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(b).

IT IS SO RECOMMENDED

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

July 24, 2026
Columbia, South Carolina

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).