**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Richard Kevin Stockton, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:26-cv-01870-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Atlanta Judicial Circuit, Greenville | ) | |
| County Judicial Government, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Richard Stockton, a *pro se* litigant who has recently filed multiple similar actions in this Court,[1] sent a letter to the Court that the Clerk of Court liberally construed as a complaint under 42 U.S.C. § 1983.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is the magistrate judge's report and recommendation ("Report"), recommending the court dismiss this action without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to address deficiencies identified by the magistrate judge's order of May 27, 2026. (ECF No. 12).  The Report was mailed to Plaintiff's address on record with the court. (ECF No. 13).  The Report has not been returned marked undeliverable; thus, the court presumes Plaintiff received the Report.  Plaintiff was advised of his right to file specific objections to the Report, (ECF No. 12 at 7), but failed to do so.  The time for Plaintiff to object to the Report has expired, and this matter is ripe for review.

---

[1] *See, e.g.*, *Stockton v. Greenville Cnty. Solicitor's Office, et al.*, C/A No. 6:25-cv-13092-TMC, dkt. # 20 (D.S.C. Dec. 31, 2025) (dismissing action for failure to comply with court order characterizing Plaintiff's action as frivolous); *Stockton v. Fort Hill Nat. Gas Co.*, C/A No. 4:25-cv-09957-TMC, dkt. # 26 (D.S.C. Nov. 19, 2025) (adopting recommendation that action be dismissed for failure to state a claim upon which relief can be granted and for frivolity); *Stockton v. Atlanta Judicial Circuit*, 4:25-cv-09580-TMC, dkt. #13 (D.S.C. Oct. 21, 2025) (summarily dismissing action).

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district

court's judgment based upon that recommendation.  *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

After a careful and thorough review of the Report and the record under the appropriate standards, as set forth above, the Court agrees with the findings and conclusions of the magistrate judge and finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the Report.  Accordingly, the court **ADOPTS** the Report (ECF No. 12) and incorporates it as if set forth fully herein.  This action is hereby **DISMISSED** without prejudice, without leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Chief United States District Judge

Anderson, South Carolina
August 12, 2026

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.